NO. 07-10-0019-CR
 NO. 07-10-0020-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL C

 MAY 11, 2011

 ______________________________

 SERENA ROJAS, APPELLANT

 V.

 THE STATE OF TEXAS, APPELLEE

 _________________________________

 FROM CRIMINAL DISTRICT COURT TWO OF TARRANT COUNTY;

 NOS. 1121706D & 1121491D; HONORABLE WAYNE SALVANT, JUDGE

 _______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
 MEMORANDUM OPINION
 Pursuant to open pleas of guilty, Appellant, Serena Rojas, was convicted of burglary of a habitation in cause number 1121706D and aggravated assault with an affirmative finding on use of a firearm in cause number 1121491D. Punishments were imposed at twenty years and twenty-five years confinement, respectively. The sentences were ordered to be served concurrently. In presenting this appeal, counsel has filed an Anders brief in support of a motion to withdraw. We grant counsels motion and affirm.
In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis to support an appeal. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); In re Schulman, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008). Counsel candidly discusses why, under the controlling authorities, the appeal is frivolous. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has demonstrated that he has complied with the requirements of Anders and In re Schulman by (1) providing a copy of the brief to Appellant, (2) notifying her of the right to file a pro se response if she desired to do so, and (3) informing her of the right to file a pro se petition for discretionary review. In re Schulman, 252 S.W.3d at 408. By letter, this Court granted Appellant thirty days in which to exercise her right to file a response to counsels brief, should she be so inclined. Id. at 409 n.23. Appellant did not file a response. Neither did the State favor us with a brief.
The facts flowing from a guilty plea are minimal. According to evidence presented at the sentencing hearing, Appellant, a drug addict, had been in trouble since she was very young. While on trial for the underlying offenses, she was on probation for burglary. She and her younger brother, with whom she shared a very close relationship, committed offenses together to obtain money to support her drug habit. 
During closing argument, the State argued that rehabilitation was not possible and observed escalation in the seriousness of the offenses committed by Appellant. The State urged the trial court to impose a minimum sentence of forty years confinement. Defense counsel argued for another chance for Appellant and the benefit of SAFP to overcome her drug habit. The trial court noted that Appellant had proven she could not complete probation and imposed sentences of twenty and twenty-five years on the charged offenses. 
Appellate counsel raises two arguable issues, to-wit: the trial court erred by (1) imposing a sentence exceeding the plea bargain offer of twenty years and (2) imposing cruel and unusual punishment. Counsel then analyzes the issues and concedes no reversible error is presented. 
We have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); In re Schulman, 252 S.W.3d at 409; Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such issues. See Gainous v. State, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing the record and counsels brief, we agree with counsel that there are no plausible grounds for appeal. See Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005).
Accordingly, counsel's motion to withdraw is granted and the trial courts judgments are affirmed. 
 Patrick A. Pirtle
 Justice

Do not publish.